**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**BONNIE BOYD**,

    Plaintiff,

v.                                                                 No. 1:08-CV-00426 MCA/RLP

**SHOE SHOW, INC.,
d/b/a SHOE DEPOT**,

    Defendant.

**MEMORANDUM OPINION AND ORDER REMANDING CASE**

This matter comes before the Court on Plaintiff Bonnie Boyd's *Motion to Remand to State Court*, filed May 29, 2008, pursuant to 28 U.S.C. § 1447(c) [Doc. 3]. The Court, having considered the parties' arguments and the relevant law, and otherwise being fully advised in the premises, concludes that the motion should be GRANTED.

**PROCEDURAL BACKGROUND**

Boyd filed a complaint in the First Judicial District in Santa Fe County, New Mexico on April 2, 2008, seeking compensatory damages in an unspecified amount against Defendant Shoe Show, Inc. for negligence. *See* Doc. 1, Ex. B at 3. It is undisputed that the parties are diverse. Shoe Show timely filed a notice of removal in federal district court on diversity grounds under 28 U.S.C. § 1332(a). *See* Doc. 1 at 3. But regarding the amount in controversy, Shoe Show made only a single conclusory statement: "the amount in controversy exceeds $75,000, excluding interest, costs, and attorneys' fees." *Id.* Shoe Show provided no underlying facts in its Notice of Removal in support of its assertion.

**ANALYSIS**

The Tenth Circuit has repeatedly stated that "'[t]he courts must rigorously enforce Congress'

intent to restrict federal jurisdiction in controversies between citizens of different states,' *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998), and [] the presumption is therefore 'against removal jurisdiction,' *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001).

> When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. The same is not true, however, when the case has been removed from state court.
>
>> In a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."
>
> *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury*, 303 U.S. at 290, 58 S. Ct. 586); *see also Miera*, 143 F.3d at 1340. Thus in a removed case, "[t]he defendant's claim that the amount in controversy exceeds $50,000 does not enjoy the *St. Paul Mercury* presumption of accuracy that the plaintiff's does." *Singer*, 116 F.3d at 376.
>
>> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Id.* at 289-90 (certain citations omitted). Because Shoe Show requested removal, it bears the burden of identifying the allegations in the plaintiff's complaint that establish the amount in controversy, and if the allegations are not sufficient, as here, it must "set forth in the notice of removal itself, the *underlying facts* supporting the assertion that the amount in controversy exceeds [$75,000]." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotation marks and bracket omitted) (italics in original). In addition, where the complaint does not specify an amount of damages, the party requesting removal must establish the jurisdictional amount by at least a

2

preponderance of the evidence. *Martin*, 251 F.3d at 1290. Thus, when "neither the face of the complaint nor the removal notice demonstrate that the [plaintiff's] claims will exceed [$75,000] . . . [the] defendants have failed to show by a preponderance of the evidence that the [plaintiff's] claims meet the amount in controversy necessary to the exercise of diversity jurisdiction." *Id.* at 1293.

Further, the Tenth Circuit has held that the defendant's notice of removal itself, along with any attachments, must demonstrate the necessary jurisdictional facts - the defendant cannot satisfy its burden by subsequently filing documents in response to a motion to remand. *See Laughlin*, 50 F.3d at 873 (holding that the defendant's "economic analysis of [the plaintiff's] claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made. . . . [T]he requisite amount in controversy . . . must be affirmatively established on the face of either the petition or the removal notice."); *Martin*, 251 F.3d at 1291 n. 4; *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed. Appx. 775, *778 (10th Cir. Sept. 5, 2005) (holding that because neither the complaint nor the defendant's conclusory assertions in its notice of removal supported the requisite jurisdictional minimum amount in controversy necessary for federal jurisdiction, which was a "fatal omission" on the part of the defendants, "[a]ny additional matters in the record, including [a defendant's] after-the-fact affidavit, and [the plaintiff's] attempt to formally stipulate to a $50,000 amount in controversy in its brief in support of its motion to remand, are inadequate to cure these deficiencies" and affirming remand).

This case is on all fours with *Martin.* As the party seeking removal jurisdiction, where the Complaint did not establish the requisite amount in controversy, Shoe Show had to do more than baldly assert in its notice of removal that the amount in controversy was more than $75,000; it bore

the burden of setting forth "the underlying facts" supporting that assertion. *Laughlin*, 50 F.3d at 873; *Martin*, 251 F.3d at 1290. Having fatally failed to do so in its notice of removal, the Court will not consider Shoe Show's untimely arguments made in response to Boyd's motion to remand or its exhibits submitted in support of those arguments. And even if the Court did consider those arguments and exhibits, the exhibits and arguments submitted by Boyd in her reply that rebut Shoe Show's assertions result in a "clash about jurisdiction," and the "uncertainties are resolved in favor of remand." *Martin*, 251 F.3d at 1290 (internal quotation marks omitted). Accordingly, this case must be remanded.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc.3] is GRANTED; that all orders entered in this case are VACATED; and that this case is REMANDED to the First Judicial District Court, Santa Fe County, New Mexico.

**SO ORDERED** this 23rd day of March, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge